UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANKIE YOUNG, individually and on behalf
of similarly situated persons,

       Plaintiff,                           Case No.: 2:19-CV-163

v.

BREW CITY PIZZA, INC. d/b/a
DOMINO'S PIZZA/PIZZA HUT and
DOUGLAS BARETZ

       Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANTS DOUGLAS BARETZ AND BREW CITY PIZZA, INC. (IMPROPERLY IDENTIFIED IN COMPLAINT)

---

Defendants, DOUGLAS BARETZ AND BREW CITY PIZZA, INC. (IMPROPERLY IDENTIFIED IN COMPLAINT) (collectively referred to as "Defendants"), by and through their attorneys, Crivello Carlson, S.C., hereby submit their Answer to Plaintiff's Complaint and provide notice of Affirmative Defenses as follows:

1. Answering Paragraph 1, Defendants admit that defendant Brew City Pizza, Inc. operates approximately Domino's Pizza franchise restaurants and that defendant Brew City Pizza, Inc. employs delivery drivers who use automobiles to deliver pizza and other food items to customers. As further answer, deny that Defendants operate Pizza Hut restaurants any deny and all remaining allegations contained therein.

2. Answering Paragraph 2, Defendants deny that this action is properly brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, deny that this action is properly brought as a class action for violations under the Wisconsin Minimum

1

Wage Law, and deny that Plaintiff or other delivery drivers are owed or otherwise entitled to recover unpaid minimum wages under FLSA, Wisconsin Minimum Wage Law, common law or otherwise. As further answer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

## Jurisdiction and venue

3. Answering Paragraph 3, Defendants admit the allegations for jurisdictional purposes only, but deny that Defendants violated wage and hour provisions of state, federal or local law.

4. Answering Paragraph 4, Defendants admit that Brew City Pizza, Inc. operates Domino's Pizza franchise restaurants in this judicial district and that venue is proper in this judicial district. As further answer, deny that Defendants operate Pizza Hut restaurants and deny any and all remaining allegations contained therein.

## Parties

5. Answering Paragraph 5, Defendants admit that Brew City Pizza, Inc. is a domestic corporation whose registered agent for service of process is Douglas Baretz, with an address of 11050 West Bluemound Rd., Wauwatosa, WI 53226-4101. Defendants also admit that Brew City Pizza, Inc. operates Domino's Pizza franchise restaurants, but deny that Defendants operate Pizza Hut restaurants. As further answer, deny any and all remaining allegations contained therein.

6. Answering Paragraph 6, admit that defendant Douglas Baretz is an owner in defendant Brew City Pizza, Inc., but deny that he can be held individually liable. As further answer, deny and any and all remaining allegations contained therein.

7. Answering Paragraph 7, admit that plaintiff Frankie Young has previously been employed by defendant Brew City Pizza, Inc. at one of its Domino's Pizza restuarants, but affirmatively assert that she has not been employed with defendant Brew City Pizza, Inc. since October 2016. As further answer, deny any and all remaining allegations contained therein.

## General Allegations

8. Answering Paragraph 8, admit that defendant Brew City Pizza, Inc. owns and operates approximately Domino's Pizza franchise stores, some of which are located within the Eastern District of Wisconsin. As further answer, deny that Defendants operate Pizza Hut restaurants and deny any and all remaining allegations contained therein.

9. Answering Paragraph 9, admit that Douglas Baretz is an owner of Brew City Pizza, Inc. As further answer, lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

10. Answering Paragraph 10, deny that Defendants violated any applicable laws, rules or regulations, and deny that Douglas Baretz is or can be individually liable for any alleged violations. As further answer, lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

11. Answering Paragraph 11, Defendants admit that defendant Brew City Pizza, Inc. operates Domino's Pizza franchise restaurants and that defendant Brew City Pizza, Inc. employs delivery drivers who deliver pizza and other food items to customers. As further answer, deny that Defendants operate Pizza Hut restaurants any deny any and all remaining allegations contained therein.

3

### Defendants' Flawed Automobile Reimbursement Policy

12. Answering Paragraph 12, Defendants deny each and every allegation contained therein.

13. Answering Paragraph 13, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

14. Answering Paragraph 14, Defendants deny each and every allegation contained therein.

15. Answering Paragraph 15, Defendants deny each and every allegation contained therein.

16. Answering Paragraph 16, Defendants admit that the IRS provides a business mileage rate for tax purposes that can change from year to year. As further answer, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

17. Answering Paragraph 17, Defendants deny each and every allegation contained therein.

18. Answering Paragraph 18, Defendants deny each and every allegation contained therein.

19. Answering Paragraph 19, Defendants deny each and every allegation contained therein.

20. Answering Paragraph 20, Defendants deny each and every allegation contained therein.

21. Answering Paragraph 21, Defendants deny each and every allegation contained therein.

**Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations**

22. Answering Paragraph 22, Defendants deny each and every allegation contained therein.

23. Answering Paragraph 23, Defendants deny each and every allegation contained therein and assert that Plaintiff was paid $12 per hour during the relevant employment period with Brew City Pizza, Inc. As further answer, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

24. Answering Paragraph 24, upon information and belief, admit.

25. Answering Paragraph 25, Defendants deny each and every allegation contained therein.

26. Answering Paragraph 26, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

27. Answering Paragraph 27, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31, Defendants deny each and every allegation contained therein.

32. Answering Paragraph 32, Defendants deny each and every allegation contained therein.

### Class and Collective Action Allegations

33. Answering Paragraph 33, Defendants admit that Plaintiff is attempting to bring an "opt in" collective action, but deny that such action is appropriate. Defendants deny each and every remaining allegation contained therein.

34. Answering Paragraph 34, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

35. Answering Paragraph 35, Defendants admit that Plaintiff is seeking relief on a collective basis, but deny that such action is appropriate. Defendants deny that they have violated federal minimum wage laws, and deny each and every remaining allegation contained therein.

36. Answering Paragraph 36, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37, Defendants admit that Plaintiff is seeking to bring a class action, but deny that such action is appropriate. Defendants deny that they have violated federal minimum wage laws, and deny each and every remaining allegation contained therein.

38. Answering Paragraph 38, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

39. Answering Paragraph 39, Defendants deny each and every allegation contained therein.

40. Answering Paragraph 40, Defendants deny each and every allegation contained therein.

41. Answering Paragraph 41, Defendants deny each and every allegation contained therein.

42. Answering Paragraph 42, Defendants deny each and every allegation contained therein.

43. Answering Paragraph 43, Defendants deny each and every allegation contained therein.

44. Answering Paragraph 44, Defendants deny each and every allegation contained therein.

45. Answering Paragraph 45, Defendants deny each and every allegation contained therein.

46. Answering Paragraph 46, Defendants deny each and every allegation contained therein.

**Count I: Violation of the Fair Labor Standards Act of 1938**

47. Answering Paragraph 47, Defendants reallege and incorporate by reference their responses to each of the previous paragraphs as though fully set forth herein.

48. Answering Paragraph 48, Defendants assert that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants assert that they have satisfied any applicable minimum wage requirements of the FLSA.

Defendants deny that they have violated applicable minimum wage laws, and deny each and every remaining allegation contained therein.

49. Answering Paragraph 49, Defendants assert that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Brew City Pizza, Inc. was subject to FLSA's minimum wage requirements when it employed Plaintiff. Defendants deny that they have violated applicable minimum wage laws, and deny each and every remaining allegation contained therein.

50. Answering Paragraph 50, Defendants assert that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Brew City Pizza, Inc. was subject to FLSA's minimum wage requirements with respect to non-exempt or otherwise excepted or excluded employees. Defendants deny that they have violated applicable minimum wage laws, and deny each and every remaining allegation contained therein.

51. Answering Paragraph 51, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

52. Answering Paragraph 52, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

53. Answering Paragraph 53, Defendants deny each and every allegation contained therein.

54. Answering Paragraph 54, Defendants deny each and every allegation contained therein.

8

55. Answering Paragraph 55, Defendants deny each and every allegation contained therein.

56. Answering Paragraph 56, Defendants deny each and every allegation contained therein.

57. Answering Paragraph 57, Defendants deny each and every allegation contained therein.

58. Answering Paragraph 58, Defendants deny each and every allegation contained therein.

59. Answering Paragraph 59, Defendants deny each and every allegation contained therein.

**Count II: Violations of Wisconsin Wage Law and Wisconsin Statute 109.01 et seq.**

60. Answering Paragraph 60, Defendants reallege and incorporate by reference their responses to each of the previous paragraphs as though fully set forth herein.

61. Answering Paragraph 61, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

62. Answering Paragraph 62, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

63. Answering Paragraph 63, upon information and belief, admit that plaintiff Frankie Young was, at one time, an employee of defendant Brew City Pizza, Inc., but deny any liability/wrongdoing and/or violation of statutes by Defendants. Defendants deny that they have violated state or other wage laws, and deny each and every remaining allegation contained therein.

64. Answering Paragraph 64, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

65. Answering Paragraph 65, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

66. Answering Paragraph 66, Defendants deny each and every allegation contained therein.

67. Answering Paragraph 67, Defendants deny each and every allegation contained therein.

68. Answering Paragraph 68, Defendants deny each and every allegation contained therein.

69. Answering Paragraph 69, Defendants deny each and every allegation contained therein.

70. Answering Paragraph 70, Defendants deny each and every allegation contained therein.

**Count III: Unjust Enrichment**

71. Answering Paragraph 71, Defendants reallege and incorporate by reference their responses to each of the previous paragraphs as though fully set forth herein.

72. Answering Paragraph 72, Defendants deny that Plaintiff worked on their behalf without compensation and deny each and every remaining allegation contained therein.

73. Answering Paragraph 73, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

10

74. Answering Paragraph 74, Defendants deny each and every allegation contained therein.

Defendants deny that Plaintiff and/or the purported class are entitled to any of the relief demanded in the PRAYER FOR RELIEF.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to the claims in the Complaint on behalf of the Named Plaintiff and alleged putative class and/or collective, Defendants assert as follows:

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted as against Defendants.

2. Some or all of the claims asserted in the Complaint may be barred by applicable statutes of limitations.

3. Plaintiff may have failed to properly and/or timely serve Defendants with process in this case, such that this court lacks jurisdiction.

4. Upon information and belief, one or more of the claims asserted may be barred by the doctrine of unclean hands.

5. The Complaint fails to allege facts sufficient to support class and/or collective claims and therefore does not meet the minimum pleading requirements of *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007).

6. This action cannot be maintained as a class action under Fed. R. Civ. P. Rule 23, nor can it be maintained as a collective action under 29 U.S.C. § 216(b), and neither a class nor collective action can be properly certified, under these or any other legal authority.

7. Plaintiff and other members of the purported Fed. R. Civ. P. 23 class and FLSA collective have received full payment for all work performed for Defendants to which they are entitled, thereby barring Named Plaintiff's claims and the claims of those to whom Named Plaintiff alleges are similarly situated.

8. Plaintiff and other members of the purported Fed. R. Civ. P. 23 class and FLSA collective failed to take advantage of any preventative or corrective measures provided by Defendants, or to otherwise avoid harm.

9. Plaintiff's claims and claims of other members of the purported class and/or collective are barred in whole or in part by the provisions of 29 U.S.C. §§ 259, 260, and any corresponding Wisconsin wage and hour laws, because Defendants acted in good faith and with reasonable grounds to believe that their actions did not violate legal requirements.

10. The claims in the Complaint are barred because Defendants have, at all relevant times, acted in good faith and without reckless disregard of the law.

11. Defendants have acted in good faith and without reckless disregard of the law, and therefore a two-year, not three-year, statute of limitations should apply to claims asserted in the Complaint, measured from the date that written consents are filed with the Court. The claims in the Complaint are barred to the extent that they exceed the two-year statute of limitations.

12. Any claims by the Plaintiff or members of the purported Fed. R. Civ. P. 23 class and FLSA collective that predate the limitations periods set forth in the FLSA or any corresponding Wisconsin wage and hour laws are barred.

13. Some or all of the Plaintiff's claims and/or claims of the members of the purported Fed. R. Civ. P. 23 class and FLSA collective are barred by the *de minimis* doctrine.

14. Some or all of the Plaintiff's claims and/or claims of the members of the purported Fed. R. Civ. P. 23 class and FLSA should be equitably offset based on compensation otherwise paid to them to which they had no entitlement.

15. Some or all of the Plaintiff's claims and/or claims of the members of the Fed. R. Civ. P. 23 class and FLSA collective are barred from recovery under the doctrine of estoppel.

16. Defendants exercised reasonable care to prevent and promptly correct any alleged conduct violating the FLSA or corresponding Wisconsin wage and hour law.

17. Plaintiff and other members of the purported Fed. R. Civ. P. 23 class and FLSA collective have failed to mitigate their alleged damages, if any.

18. Plaintiff's claims, and the claims of some or all of the putative class members, are barred in whole or in part by principles of accord and satisfaction and payment.

19. Some or all of the putative class members may have been, or are, employed in a capacity which makes them exempt from the overtime provisions of the FLSA and Wisconsin wage and hour law.

20. The claims in the Complaint are barred in whole or in part by Defendants' reliance on government agency or other applicable statements and/or standards.

21. The claims in the Complaint claims are barred, in whole or in part, by the doctrines of laches, waiver estoppel and/or other equitable considerations.

22. Plaintiff and putative class members are not entitled to liquidated damages since, at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that they were acting in accordance with the FLSA and applicable federal and state wage laws. If Defendants violated the FLSA or other applicable wage laws, which is expressly denied, such violation was not done with malice, reckless indifference to the rights of Plaintiff, or done willfully within the meaning of the FLSA or other applicable wage laws.

23. Some or all of Plaintiff's claims are barred because Plaintiff did not provide notice to Defendants of any claimed unreimbursed expenses.

24. Some or all of Plaintiff's claims are barred because the expenses Plaintiff seeks to have reimbursed were not expenses necessarily incurred primarily for the benefit of the employer.

25. Some or all of Plaintiff's claims fail because Defendants provided reimbursements that reasonably approximated vehicle-related expenses Plaintiff necessarily incurred primarily for the benefit of the employer.

26. Plaintiff's claims and the claims of the putative collective action members for liquidated damages are barred in whole or in part by statutory exclusion, exceptions, setoffs are credits under the FLSA.

27. Defendants reserve the right to plead additional affirmative defenses as they become known or available during the pendency of this litigation.

WHEREFORE, Defendants respectfully request judgment and relief as follows:

a. for a dismissal of the Complaint upon the merits and with prejudice;

b. for the costs, fees and disbursements of this action; and

c. for such other relief as this court deems just and/or equitable.

**WE HEREBY RESPECTFULLY REQUEST TRIAL BY JURY**

Dated this 7th day of March, 2019.

BY: s/ Agatha K. Raynor
AGATHA K RAYNOR
State Bar No. 1032687
Attorneys for Defendants Douglas Baretz and Brew City Pizza, Inc. (Improperly Identified in Complaint)
CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: 414-271-7722
Fax: 414-271-4438
Email: araynor@crivellocarlson.com